UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE MEDINA

                        Plaintiffs,              Index No.: 19-cv-11443

   -against-                                         **COMPLAINT**

163 ASHLEY DELI GROCERY INC. and
JORGE A. MARTINEZ individually and as
Chief Executive Officer of 163 ASHLEY DELI
GROCERY INC.,

                      Defendants.          **JURY TRIAL DEMANDED**
------------------------------------------------------------------X

Plaintiff JOSE MEDINA (hereinafter "Plaintiff"), by and through his attorneys VALLETTI & ASSOCIATES, LLC, hereby allege violations of Federal and State wage and hour laws pertaining to minimum wages, overtime pay, and wage statement requirements, as well as State laws prohibiting disability discrimination, as against 163 ASHLEY DELI GROCERY INC. and JORGE A. MARTINEZ individually and as Chief Executive Officer of 163 ASHLEY DELI GROCERY INC. (collectively referred to as "Defendants") as follows:

### INTRODUCTION

1. This civil action arises from Defendants' willful actions committed in violation of Plaintiffs' rights guaranteed to them by: (i) the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"); (ii) the overtime wage provisions of the FLSA; (iii) the minimum wage provisions of the New York State Labor Law ("NYLL") §160 and the accompanying New York Codes, Rules and Regulations ("NYCRR") 12 NYCRR §142 *et seq*.; (iv) the overtime wage provisions of the NYLL/NYCRR; (v) the wage statements requirements of

NYLL §195(3); (vi) violation of laws prohibiting disability discrimination under the New York State Human Rights Law ("NYSHRL") N.Y. Executive Law §290 *et seq.*; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.     Defendants committed the aforementioned violations of these statutes by engaging in an intentional, willful and systematic scheme to deny Plaintiff of his rights.

3.     Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover (1) back pay, (2) liquidated damages, (3) attorney's fees and costs, and (4) interest.

4.     Plaintiff alleges, pursuant to the NYLL, that he is entitled to recover (1) back pay, (2) liquidated damages, (3) attorney's fees and costs, and (4) interest.

5.    Plaintiff alleges, pursuant to the NYSHRL, that he is entitled to recover (1) back pay, (2) compensatory damages, and (3) interest.

## JURISDICTION AND VENUE

6.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

7.     The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 (a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this District.

**PARTIES**

9. At all times hereinafter mentioned, Plaintiff was and is a resident of the State of New York, County of Bronx.

10. At all relevant times herein mentioned, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, NYLL and NYSHRL.

11. Plaintiff, as a former employee of Defendants, has been aggrieved by Defendants' willful violations of the FLSA and NYLL.

12. Plaintiff, as a former employee of Defendants, has been aggrieved by Defendants' willful violations of the NYSHRL.

13. Defendant 163 ASHLEY DELI GROCERY INC. ("ASHLEY DELI") was and is a domestic corporation organized under the laws of the State of New York and maintains its headquarters and principal executive office at 3244 Third Avenue, Bronx County, State of New York, 10451.

14. Defendant ASHLEY DELI is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

15. Defendant ASHLEY DELI is an employer within the meaning of the NYLL.

16. Defendant ASHLEY DELI is an employer within the meaning of the NYSHRL.

17. Defendant JORGE A MARTINEZ ("MARTINEZ") was, at all relevant times herein mentioned, an individual and Chief Executive Officer of Defendant ASHLEY DELI.

18. Defendant MARTINEZ was, at all relevant times herein mentioned, an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

19. Defendant MARTINEZ was, at all relevant times herein mentioned, an employer within the meaning of the NYLL.

20. Defendant MARTINEZ was, at all relevant times herein mentioned, an employer within the meaning of the NYSHRL.

21. Upon information and belief, the amount of qualifying annual volume of business for Defendant ASHLEY DELI exceeds $500,000 and thus subjects the business to the FLSA's requirements. Additionally, Defendant ASHLEY DELI's employees are engaged in interstate commerce; this independently subjects the business to coverage under the FLSA.

22. Defendants herein operated as joint employers for all relevant periods over Plaintiff.

## STATEMENT OF FACTS

23. Defendants hired Plaintiff in or about July 2015.

24. Plaintiff remained employed with Defendants until January 13, 2019.

25. From July 2015 through and including December 2015, Defendants paid Plaintiff $400 per week.

26. During calendar year 2016, Defendants paid Plaintiff $425 per week.

27. During calendar years 2017, 2018 and 2019, Defendants paid Plaintiff $450 per week.

28. Defendants always paid Plaintiff weekly in cash.

29. Defendants never provided Plaintiff with a wage notice as defined and required by New York Labor Law.

30. Defendants never provided Plaintiff with a wage statement as defined and required by New York Labor Law.

31. Plaintiff worked for Defendants at the Deli and Grocery Store located at 3244 3rd Avenue, Bronx. NY 10451.

32. Plaintiff performed

33. From the time he began working for Defendants, Plaintiff consistently worked 70 hours per week, i.e. at least ten hours per day, seven days a week.

34. During calendar year 2015, Plaintiff's hourly wage worked out to $5.71 per hour worked, in violation of the New York State Minimum Wage which was $8.75 per hour.

35. During calendar year 2016, Plaintiff's hourly wage worked out to $6.07 per hour worked, in violation of the New York State Minimum Wage which was $9.00 per hour.

36. During calendar year 2017, Plaintiff's hourly wage worked out to $6.43 per hour worked, in violation of the New York State Minimum Wage which was $9.70 per hour.

37. Plaintiff continuously worked this schedule until he took three weeks off due to having a stroke on December 17, 2017, as discussed further *infra*.

38. Plaintiff resumed working for Defendants after his stroke, but worked six days per week for ten hours per day.

39. During calendar year 2018, Plaintiff's hourly wage worked out to $6.43 per hour worked, in violation of the New York State Minimum Wage which was $10.40 per hour.

40. Plaintiff continuously worked this schedule until he took three weeks off due to having another stroke on August 23, 218, as discussed further *infra*.

41. When Plaintiff returned to work for Defendants, he worked four days per week, ten hours per day.

42. Additionally, during these time periods, Defendants did not pay Plaintiff a rate of 1.5 times his regular hourly rate for hours worked in excess of 40 in a given week, violating the New York Labor law and accompanying New York Code of Rules and Regulations requiring said compensation.

43. Defendant's willful conduct also violated the FLSA provisions relating to minimum wages and overtime wages.

44. As a results of Defendant's conduct, Plaintiff suffered financial harm.

### Plaintiff's discrimination claims against Defendants

45. As mentioned *supra*, Plaintiff suffered two strokes while working for Defendants.

46. Plaintiff suffered his first stroke on December 17, 2017.

47. Defendants were aware of Plaintiff's stroke, as he did not work for three weeks after.

48. Plaintiff returned to work; however, Plaintiff suffered his second stroke on August 23, 2018.

49. Likewise, Plaintiff alerted Defendants and he did not work for three weeks after this stroke.

50. Plaintiff returned to work with Defendants, working four days a week because his health did not permit him to work the same schedule as before.

51. Due to the store being busy during the holiday season, i.e. November and December 2018, Defendants required Plaintiff to work increased hours; specifically, Plaintiff began working 14 hour days to cover for another worker's absence due to the fact that his mother died and he needed to travel of the country.

52. While Plaintiff was at work after this second stroke, Defendant MARTINEZ threatened Plaintiff that if he got sick again and missed work, he would be fired.

53. Defendant MARTINEZ told Plaintiff "I don't want sick people in my store."

54. Plaintiff continued to work these long hours until January 13, 2019, where Plaintiff began to fall ill due to his deteriorated health from having multiple strokes.

55. Plaintiff called into work to tell them he was sick, that he had a high fever, that not be able to make it in and that he was on the way to Lincoln Hospital in the Bronx.

56. Defendant MARTINEZ told Plaintiff that he had to come to work even though he was sick.

57. Plaintiff's sister, Mercedes Abreu, called Defendants and told them Plaintiff would not be able to come in due to his illness.

58. Defendant MARTINEZ terminated Plaintiff and told him not to report to work anymore, just to come and pick up the last of his salary and that would be the end.

59. Plaintiff had a disability as defined by the NYSHRL.

60. Defendants were aware of Plaintiff's disability.

61. Defendants terminated Plaintiff because of his disability.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT (Minimum Wage)

62. Plaintiffs repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

63. The conduct alleged herein violates the FLSA as Defendants failed to compensate Plaintiff in accordance with the Federal statutorily required minimum rate of pay per hour worked.

64. Defendants' conduct was willful and lasted for the duration of the relevant time periods described above.

65. Plaintiff sustained damages as a result of Defendants' conduct.

66. Plaintiff seeks injunctive relief as a result of Defendants' conduct.

67. Plaintiff's request for further relief are set forth below.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARDS ACT (Overtime)

68. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

69. The conduct alleged herein violates the FLSA as Defendants failed to compensate Plaintiff in accordance with the Federal statutorily required overtime rate of pay per hour worked.

70. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

71. Plaintiff sustained damages as a result of Defendants' conduct.

72. Plaintiff seeks injunctive relief as a result of Defendants' conduct.

73. Plaintiff's request for further relief are set forth below.

## COUNT III

## VIOLATION OF THE NEW YORK STATE LABOR LAW (Minimum Wage)

74. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

75. The conduct alleged herein violates the NYLL and accompanying NYCRR as Defendants failed to compensate Plaintiff the required minimum rate of pay per hour worked.

76. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

77. Plaintiff sustained damages as a result of Defendants' conduct.

78. Plaintiff seeks injunctive relief as a result of Defendants' conduct.

79. Plaintiff's request for further relief are set forth below.

## COUNT IV

### VIOLATION OF THE NEW YORK STATE LABOR LAW (Overtime)

80. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

81. The conduct alleged herein violates the NYLL and accompanying NYCRR as Defendants failed to compensate Plaintiff in accordance with the required overtime rate of pay per hour worked.

82. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

83. Plaintiff sustained damages as a result of Defendants' conduct.

84. Plaintiff seeks injunctive relief as a result of Defendants' conduct.

85. Plaintiff's request for further relief are set forth below.

## COUNT V

### VIOLATION OF THE NEW YORK STATE LABOR LAW (Wage Theft Prevention Act)

86. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

87. The conduct alleged herein violates the New York State Labor Law as Defendants failed to provide Plaintiff with notice of Plaintiff's employment, rate of pay, regular day pay, the unit of measure for Plaintiff's pay, deductions, allowances and net wages.

88. The conduct alleged herein violates the New York State Labor Law as Defendants failed to provide Plaintiff with wage statements related to Plaintiff's employment.

89. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

90. Plaintiff sustained damages as a result of Defendants' conduct.

91. Plaintiff seeks injunctive relief as a result of Defendants' conduct.

92. Plaintiff's request for further relief are set forth below.

## COUNT VI

### DISCRIMINATORY TERMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

93. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

94. Defendants had both actual and constructive notice of Plaintiff's disability.

95. Defendants unlawfully discriminated against Plaintiff on the basis of his disability in violation of NYSHRL §296(1)(a) when Defendants terminated Plaintiff.

96. Defendants' actions are in direct violation of NYSHRL §290 et seq.

97. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

98. As a result of Defendants' illegal actions, Plaintiff has been mentally and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects.

99. Plaintiff has also been damaged by having lost wages and benefits due to the unlawful termination.

## JURY DEMAND

100. Plaintiff demand a trial by jury for all claims stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

a) Demand a jury trial on these issues to determine liability;

b) Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs and usages set forth herein;

c) A judgment that the practices complained of herein are unlawful and in violation of the FLSA and NYLL;

d) An award to the Plaintiff for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

e) An award of liquidate damages pursuant to the FLSA and NYLL and any other applicable statutes, rules, or regulations, including the rules or regulations of the New York Commissioner of Labor;

f) All damages which Plaintiff sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits he would have received but for Defendants' improper pay practices and discriminatory termination;

g) An award to Plaintiff of compensatory damages, including but not limited to damages for emotional pain and suffering;

h) An award to Plaintiff of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

i) An award of punitive damages for Defendants' intentional conduct;

j) Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

k) Pre-judgment and post-judgment interest, as provided by law; and

l) Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:       New Hyde Park, NY
             December 13, 2019

                Respectfully Submitted,

                **Valletti & Associates, LLC**
                Attorneys for Plaintiff
                611 Wayne Avenue, Suite 2
                New Hyde Park, NY 11040
                P: (516) 666-0246
                F: (516) 758-1117

                BY:   /s/ Robert P. Valletti
                      Robert P. Valletti (RV-1847)