USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MEDINA,

    Plaintiff,

-against-

163 ASHLEY DELI GROCERY, et al.,

    Defendants.

19-CV-11443 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

On March 23, 2020, after the parties reported that they settled their dispute, including claims brought under the Fair Labor Standards Act (FLSA), I ordered the parties to submit their settlement agreement for approval pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). (Dkt. No. 22.) In addition, I directed the parties to file "a joint letter demonstrating that their settlement is fair and reasonable and should be approved in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)," and to include a copy of "counsel's contingency fee agreement (if any) and time and expense records, to the extent necessary to support any award of attorneys' fees and costs." Mar. 23 Order at 1.

On April 6, 2020, the parties filed their Settlement Agreement (Agreement) (Dkt. No. 23) on ECF without the accompanying joint letter, and without any attorney records, despite the fact that plaintiff's counsel seeks $15,000 in attorneys' fees. Ag. ¶ 1. Accordingly, the parties are directed to re-file their Agreement, along with the other documents required by the March 23 Order, no later than **April 22, 2020**.

The parties are reminded that "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015); *see also Garcia v. Jambox, Inc.*, 2015 WL 2359502, at *5 (S.D.N.Y.

Apr. 27, 2015) ("[T]he court should not approve a confidentiality provision absent compelling justification."). This Court does not hesitate to withhold approval of FLSA settlement agreements that purport to restrict an FLSA plaintiff's right to disclose the terms of such agreements (or, where permitted by the parties' contract, to sever the provisions containing such restrictions). *See*, *e.g.*, *Lara v. Air Sea Land Shipping & Moving Inc.*, 2019 WL 6117588, at *3 (S.D.N.Y. Nov. 18, 2019) (severing confidentiality clause as "contrary to public policy and the remedial purposes of the FLSA"); *Plizga v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *2 (S.D.N.Y. July 18, 2016) ("I cannot recommend that the District Judge approve the Agreement as written, because the confidentiality provisions undercut the remedial purposes of the FLSA and for that reason contravene public policy."). In their joint letter, the parties are expressly directed to address whether, in light of these considerations, the Court can approve the confidentiality provision contained in ¶ 6 of their Agreement.

Dated: New York, New York
      April 8, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**