

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MEDINA,

        Plaintiff,

-against-

163 ASHLEY DELI GROCERY, et al.,

        Defendants.

19-CV-11443 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter dated April 21, 2020 (Joint Ltr.) (Dkt. No. 26), seeking approval of their Settlement Agreement (Agreement), submitted in counterparts executed by plaintiff (Dkt. No. 27) and defendants (Dkt. No. 27-1) respectively,[1] pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties reached agreement on the material terms of their settlement following private settlement negotiations between counsel, *see* Joint Ltr. at 2, and a brief settlement conference with the Court. (Dkt. No. 21.) They consented to my jurisdiction, pursuant to 28 U.S.C. § 636(c), on April 8, 2020. (Dkt. No. 24.)

The Agreement requires defendants 163 Ashley Deli Grocery, Inc. and Jorge A. Martinez to pay $45,000 to settle this action. Ag. ¶ 1. Of that sum, $30,000.00 will go to plaintiff Jose

---

[1] On April 6, 2020, plaintiff filed a fully-executed settlement agreement (Dkt. No. 23), but did not file (i) a joint letter demonstrating that the agreement was fair and reasonable or (ii) any documents supporting the requested award of attorneys' fees and costs, both of which were required by my Order dated March 23, 2020 (Dkt. No. 22.) By Order dated April 8, 2020 (Dkt. No. 25), I brought these deficiencies to the parties' attention. In the same Order I warned the parties that the form of agreement submitted on April 6 contained a confidentiality clause that was unlikely to be approved. In response, the parties filed the Agreement now before the Court (which no longer contains a confidentiality clause) together with their Joint Letter and the time records of plaintiff's counsel. (Dkt. No. 27-3).

Medina, in full settlement of his claims brought pursuant to the Fair Labor Standards Act (FLSA) and state law, *id*., and $15,000.00 will go to plaintiff's attorneys for their fees and costs. *Id*. The payments will be made in two installments: the first, due 30 days following this Order approving the Agreement, will consist of one check in the amount of $22,500 payable to Jose Medina, while the second, due 60 days following this Order approving the Agreement, will consist of one check payable to Jose Medina in the amount of $7,500 and one check payable to Valletti & Associates, LLC (plaintiff's counsel) in the amount of $15,000. *Id*. The parties represent that the $30,000 settlement is within plaintiff's "possible range of recovery" on his wage and hour claims, Joint Ltr. at 1, which they estimate at $16,126.40 (as calculated by defendants) to $67,909.00 (as calculated by plaintiff), exclusive of liquidated damages and an alleged wage statement violation. *Id*. Based on the parties' estimates, and taking into account defendants' asserted inability to pay more, particularly in light of the damage being done to the business by the ongoing COVID-19 pandemic and the public health measures put in place to combat the spread of disease, I find the settlement consideration to be fair.

The Agreement includes mutual releases. Plaintiff's release is initially described as extending to all claims against defendants "occurring before the effective date of this Settlement," including but "not limited to" those arising from his employment with defendants. Ag. ¶ 3(A). The next sentence, however, expressly limits plaintiff's release to claims that "arise out of alleged acts concerning PLAINTIFF'S employment." Under New York law, "'specific terms in a contract will override the general,' including when the specific and general provisions appear to conflict." *In re: Residential Capital, LLC*, 533 B.R. 379, 399 (Bankr. S.D.N.Y. 2015) (quoting *Baeshen v. Arcapita Bank B.S.C.(c)*, 520 B.R. 15, 26 (Bankr. S.D.N.Y. 2014)); *see also Lewiston-Porter Cent. Sch. Dist. v. Sobol*, 154 A.D.2d 777, 779, 546 N.Y.S.2d 227, 229 (3d Dep't 1989) ("where there

are general and specific provisions in a contract relating to the same subject, the specific provisions normally control if there is an inconsistency between the provisions."). I therefore conclude that plaintiff has only released his employment-related claims. Defendants' release is broader, extending to all claims against plaintiff that defendants (including their successors and assigns) "ever had, now have or hereafter can, shall or may have for, upon, or by any reason of any matter, cause or thing from whatsoever from the beginning of the world to the day of the date of this RELEASE." *Id.* ¶ 3(B). I find the releases, and the other non-economic terms of the Agreement, to be fair as well. As noted above, the Agreement contains no confidentiality clause.

The proposed fee award is also reasonable. Plaintiff's attorneys will receive a total of $15,000.00 in fees and costs (1/3 of the gross amount recovered), which is consistent with the retainer agreement they entered into with plaintiff. (Dkt. No. 27-2.) Of that sum, $554.60 will reimburse counsel for the filing fee and other out-of-pocket costs incurred in connection with this action (*see* Dkt. No. 27-3), and $14,445.40 will go to counsel as fees, representing approximately 32.5% of the net settlement payment of $44,445.40. Comparable fee awards have frequently been approved in this district. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"). I have also reviewed counsel's time records, which show a lodestar of $15,470.00 (*see* Dkt. No. 27-3), and therefore do not call into question the reasonableness of the fee.

The parties "consent to the United States District Court for the Southern District of New York retaining jurisdiction over any disputes arising out of [the Agreement]." Ag. ¶ 7. I construe that language as a request that the Court retain jurisdiction for that purpose.

The Court having reviewed the terms of the Agreement, and having found them to be fair and reasonable as required by *Cheeks*, the parties' settlement is APPROVED. This action is DISMISSED with prejudice and without costs. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
       May 1, 2020

**SO ORDERED**.

_____

**BARBARA MOSES**
**United States Magistrate Judge**